UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                                                   :

FLORIDELIA SALAS,                                           :

                                    Plaintiff,                  :

                                         -v-                             :         25 Civ. 5525 (JPC)

LAUNDRY 210 LLC d/b/a GRACIES LAUNDRY, *et*  :         ORDER
*al.*,                                                                       :

                                    Defendants.          :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

On September 9, 2025, Plaintiff Floridelia Salas moved for default judgment. Dkt. 16. A telephonic hearing regarding Plaintiff's default judgment motion is scheduled for October 23, 2025, at 2:00 p.m.

Plaintiff's Complaint alleges that Defendants failed to comply with Fair Labor Standards Act ("FLSA") recordkeeping requirements, *see* 29 U.S.C. § 211(c), but courts in this District have held that the FLSA does not "provide a private right of action for an employer's recordkeeping violation," *DeLorenzo v. Coffey*, No. 24 Civ. 1735 (JPO), 2025 WL 753951, at *8 (S.D.N.Y. Mar. 10, 2025) (collecting cases).[1] Plaintiff should thus file a letter to the Court by October 18, 2025,

---

[1] Plaintiff's Complaint also alleges that "Defendants, in violation of the FLSA, failed to pay Plaintiff at least the federal minimum wage of $7.25 per hour and the applicable New York State minimum wage of $15.00 per hour (effective December 31, 2024) for each hour worked, in violation of 29 U.S.C.§ 206(a)(1)." Dkt. 1. ("Complaint") ¶ 50. But the Complaint elsewhere alleges that Plaintiff was paid between $12.00 and $13.50 per hour, *id.* ¶ 2, which is above the minimum wage required by federal law, *see* 29 U.S.C. § 206(a)(1). Moreover, although FLSA does not "excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under [federal law]," *id.* § 218, FLSA also does not create a federal cause of action for violations of New York State or New York City labor law. *See Alfonso v. Mougis Logistics Corp.*, No. 21 Civ. 5302 (LJL), 2021 WL 5771769, at *4 (S.D.N.Y. Dec. 6, 2021) (holding that a plaintiff cannot state a FLSA minimum wage claim "as long as a Plaintiff's average wage exceeds the federal minimum wage").

explaining why the facts alleged in the Complaint state a cause of action under federal law.

Plaintiff's letter should also explain why, if the Complaint does not state a claim under federal law, the Court should exercise supplemental jurisdiction over Plaintiff's state-law claims. Specifically, Plaintiff must explain why her state-law claims relating to wage payments that were allegedly below the minimum wage "derive from a common nucleus of operative fact" with her FLSA recordkeeping claim. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Additionally, Plaintiff's letter should explain why, in the event that the Court declines to enter default judgment on her federal claim, proceeding to judgment on her state-law claims "serves judicial economy, convenience, fairness and comity." *Guanglei Jiao v. Shang Shang Qian Inc.*, No. 18 Civ. 5624 (ARR) (VMS), 2020 WL 5105063, at *3 (E.D.N.Y. Aug. 31, 2020) ("[A] court may decline to exercise supplemental jurisdiction over state law claims at the default judgment stage if it denies default judgment as to all federal claims—so long as doing so serves judicial economy, convenience, fairness and comity.").

SO ORDERED.

Dated: October 16, 2025
       New York, New York

_____
JOHN P. CRONAN
United States District Judge